WILLIAM T. FILLEY *vs.* LUCINDA ANGELL, executrix.

In an action against an executor on a lost promissory note alleged to have been signed by the testator, the answer denied the signature, and none of the witnesses, called at the trial, saw the testator sign it or knew his handwriting. *Held*, that no acts or declarations of third persons in the testator's absence were competent to prove that he signed the note.

Testimony that after the death of a testator the witness presented to the executor, for payment, a promissory note purporting to be signed by the testator; that the executor did not make any objection to the note on the ground that the signature was not genuine; and that the witness could not tell what reason the executor gave for not paying the note; is insufficient to prove an admission by the executor that the signature was genuine.

CONTRACT, brought originally by John C. Wolcott, and prosecuted afterwards by his assignee in bankruptcy, against the executrix of the will of Samuel Angell, on a promissory note described in the declaration as dated May 14, 1863, and signed by Samuel D. Angell and Samuel Angell, promising jointly and severally to pay to the bearer seventy-five dollars and interest, one year after date. Writ dated November 29, 1864. The answer denied the making of such a note by the defendant's testator. The case was referred, under a rule of the superior court, to an arbitrator, who made an award, of which the following are the material parts :

" The note was alleged to be lost, and Wolcott, the bankrupt, by whom the action was originally brought, was admitted to testify, (the defendant objecting to his competency,) and by him the existence of the note in his hands, and its subsequent loss, were proved to the satisfaction of the referee. Wolcott further testified that the note was signed by Samuel D. Angell, with whose handwriting he was familiar; that he did not know the

handwriting of Samuel Angell, but the signature Samuel Angel' was that of an old man, — a tremulous hand.

" Charles N. Emerson testified (the defendant objecting) that, about the time the note in suit purported to have been executed, he was counsel for the wife of Samuel D. Angell in a suit brought by her for a divorce; that the parties finally agreed on terms of separation, and the suit was discontinued; that, by the terms of the settlement, Samuel D. Angell was to pay to the libellant $150, in two notes of $75 each; that the witness insisted upon security, and it was agreed that if the notes should be executed by Samuel Angell, the defendant's testator, who was the father of Samuel D. Angell, it would be satisfactory security; that the notes were drawn and taken away by Samuel D. Angell, and were afterwards, on the same day, returned by him, signed with the names of Samuel D. Angell and Samuel Angell, and were accepted in the settlement.

" The referee was satisfied that the note in suit was one of the notes described by this witness.

" Daniel Chapman testified that, at the request of some one, and at some time, he presented to the defendant a $75 note, signed Samuel D. Angell and Samuel Angell, for payment, after the decease of Samuel Angell; and that she did not make any objection to the note as not being genuine, and he could not state what reason she gave for not paying it. He thought he received it from the wife of Samuel D. Angell.

" Samuel Angell was advanced in years at the time when the note·in suit purported to be executed. The wife of Samuel D Angell is dead. The defendant is the widow of said Samuel Angell.

" There was no other evidence in the case; none being offered by the defendant.

" And the said referee doth award and determine, that the defendant do have and recover of the plaintiff the costs of this reference and the costs of the court. If, however, in the opinion of the court, the case discloses evidence, competent and rightfully admitted, (supposing such competent evidence to be true,) sufficient in law to raise a presumption of the execution of said

note by the defendant's testator, and so to make it competent for the referee to find thereon that said note was so executed; then the referee, in the place of his award above stated, doth finally award and determine in the premises, that the plaintiff do recover of the defendant," &c.

On this award, the superior court ordered judgment for the plaintiff, and the defendant appealed.

*M. Wilcox,* for the plaintiff. 1. Wolcott was a competent witness, all his right of action having vested in his assignee in bankruptcy. He was no longer a party to the action. ·

2. No one who saw the note signed was living at the time of the trial and known to the plaintiff. Nor was he aware of any living person, acquainted with the handwriting of the defendant's testator, who had seen the note; and the note itself was lost and could not be produced.

The question is, whether the evidence, as given before the referee, had any tendency to establish the genuineness of the signature of the note as the signature of the defendant's testator. The law requires that the plaintiff should prove it by the best evidence; but this rule only excludes that evidence which of itself indicates the existence of more original sources of information. 1 Greenl. Ev. § 82. The facts put in evidence by the plaintiff were manifestly the best evidence in his power, and were sufficient to warrant a finding in his favor.

*P. L. Page,* (*W. L. Shepardson* with him,) for the defendant.

CHAPMAN, C. J. The question presented to the court in this case is, whether the legal evidence, as reported, would be sufficient in law to authorize a jury to find that the note declared upon was signed by Samuel Angell.

Neither of the witnesses saw him sign it, and neither of them was able to testify to his handwriting. Nor are the acts done or declarations made by third persons, in the absence of a party, competent evidence against him, they being merely *res inter alios.* 1 Phil. Ev. *c.* 10, § 3. It is immaterial whether the third persons are, or are not, related to him. This principle excludes the evidence of Wolcott and Emerson as tending to prove the signature.

The testimony of Daniel Chapman does not prove any admission of the signature by the defendant.

*Judgment for the defendant.*